# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CR NO: B-19-1141** |
| | § | |
| **PEDRO GARZA** | § | |

## UNOPPOSED MOTION FOR DISCOVERY PRODUCTION AND INSPECTION

COMES NOW, the Defendant by and through undersigned counsel and would respectfully move this Honorable Court for an Order requiring the Government to produce for discovery, production and inspection by Defendant the following:

1.      Minutes for the testimony of all witnesses who appeared before the Grand Jury on the subject matter alleged in the Indictment after the Government's direct examination.

2.      Any and all discrepancies in the testimony of any witnesses who testified before the Grand Jury.

3.      Any and all reports resulting from an electronic wire taps pertaining to the above-styled and numbered case, authorized by the Southern District of Texas Court.

4.      Any report of surveillance made by any Government agent or agent acting on behalf of the Government, pertaining to the above-styled and numbered cause.

5.      The substance of any oral statements which the Government intends to offer in evidence at the trial made by any Defendant in response to interrogation by any person then known to said Defendant to be a Government agent or acting on behalf of the Government.

6.      All statements made by this Defendant to any person whom the Government will use against the Defendant at trial, including typed or recorded conversations or interrogations between any government agent and Defendant.

7.      All statements made by the Defendant to any person and which statements are within the possession, custody or control of the Government, or the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

8.      All statements attributable to this Defendant which the government intends to use at trial, and the persons to whom and the date upon which the statements were made.

9.      Any and all relevant, written, or recorded statements, including oral statements subsequently reduced to writing or summarized in writing, made by this Defendant or any unindicted person who has testified before the Grand Jury, to any other person which are within the possession, custody, or control of any agency or branch of official of the Government, the existence of which is known, or by the exercise of due diligence may become known to the prosecution.

10.      All statements producible at trial under 18 U.S.C. §3500, including but not limited to all reports and memoranda prepared on behalf of the United States of America in connection with the investigation of this case by any Government Agent.

11.      All documents, testimony, information, evidence or material of any kind, now known to the Government, or which may become known, or which through diligence may be learned, which is exculpatory or favorable in any way to this Defendant, or which may lead to the discovery of evidence favorable to the Defendant.

12.     A written list of names and addresses of all Government witnesses which the attorneys for the Government intend to call in the presentation of the case in chief, together with any record of prior felony convictions.

13.     The criminal record of any and all witnesses which the Government intends to use at trial.

14.     F.B.I. and local arrest and conviction records of all persons whom the Government plans to call as witnesses at trial.

15.     Names and addresses of all persons who have knowledge of relevant and or exculpatory information pertaining to this case, who have been interviewed by any agent of the Government with connection to this case, including the name, title, address of the person conducting the interview and the time, date and place of such interview, as well as a list of the names and titles of each government employee or agent who in any way participated in the investigation identified in the instant indictment.

16.     Names and current addresses of any informant who provided the Government with any information regarding the Defendant or the alleged material criminal activities which were under investigation as stated in the Indictment, including written or recorded statements, or oral confession or admissions subsequently reduced to writing or summarized in any report or under the control of the Government, or which exercise of due diligence may have obtained same from other agencies of the United States Government.

17.     The nature and substance of all rewards, conversations, dispositions, promises and plea bargaining arrangements between the Government and its informants and or witnesses for information concerning this Defendant or the subject matter identified in the Indictment, including

but not limited to any specific agreement or offer by the Government either declining to prosecute said informants and/or witnesses with respect to their participation in any matter related to the subject matter in the Indictment, or any agreement or offer to dispose of any such prosecution by plea, immunity or otherwise.

18.     The names and current addresses of all expert witnesses consulted by or on behalf of the Government or on behalf of any Court in connection with this case, including results of physical or mental examinations and of scientific tests, experiments or comparison, including by not limited to:

(a)     all voice comparisons; analyses, or tests;

(b)     all ballistics analyses, tests, and results of any tests administered to any person who will be presented as a witness at the trial of this cause;

19.     All recordings, tapes, transcripts, and records pertaining to or resulting from any electronic surveillance conducted by any Governmental Agency or department in which any conversation participated in by this Defendant was overheard, or from any such surveillance conducted upon which this Defendant had an interest.

20.     All voice recordings and video tapes of Defendant within the possession, custody or control of the Government as well as all handwriting samples of this Defendant.

21.     All books, papers, documents photographs, tangible objects, tangible things, or copies or portions thereof which are intended for use by the Government as evidence in chief at trial.

22.     All books, papers, documents, photographs, tangible objects, tangible things, buildings or places, or copies or portions thereof which were obtained from or belonging to this Defendant.

23.     All documents or other tangible things which have been surrendered to the Government by defendant or by a witness for trial.

24.     Documentation or any type of physical evidence relative to the alleged unlawful activities of this Defendant as indicated in the Indictment.

25.     A list of the names and current addresses of persons whom the Government interviewed regarding the activities of this Defendant, as set forth in the indictment, whether or not the Government intends to call said person at trial.

26.     Any and all documents pertaining to the alleged offense in the possession of the Government or which are known by the Government to be in existence or which by the exercise of due diligence may be obtained from other agencies of the United States Government, including but not limited to the organization of any business, joint venture, partnership, corporation, loan applications, notes, real estate notes, warranty deeds with or without vendors lien, earnest money contracts, construction of home contracts, deeds of trusts, disclosure statements, affidavits to lending institutions or title insurance companies, canceled checks or copies thereof, bank deposit slips, appraisals of real estate, title insurance policies, and any other documents related thereto, directly or indirectly, including any typed or handwritten notes of any bank or financing institution officer or employee related to the matters alleged in the indictments.

Respectfully submitted,

**/S/ René E. De Coss**
**RENÉ E. DE COSS, SBN: 00795315**
**Federal ID #: 20563**
**Attorney at Law**
**914 E. Van Buren**
**Brownsville, Texas 78520**
**Phone: (956) 550-8330**
**Fax: (956) 550-0641**
**renedecoss@decosslaw.com**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that on this the 12th day of February 2020, that I have conferred with Assistant United States Attorney, Paul Marius Marian and he is unopposed to this Motion.

**/S/ René E. De Coss**
**RENÉ E. DE COSS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded on date of filing, to United States Attorney's Office.

**/S/ René E. De Coss**
**RENÉ E. DE COSS**